Memorandum. Although the victim’s testimony of defendant’s assault with intent to rape and completed rape may have lacked sufficient corroboration to sustain a conviction on either count of the indictment, the victim’s testimony of assault, corroborated by the out-of-court admissions of the defendant, would sustain a conviction for assault in the third degree (under old Penal Law, § 244, subd. 1) for which no felonious intent to rape is necessary. The order reversing the judgment of conviction and dismissing the indictment should be reversed and the case remanded to the Appellate Division to consider a reduction of the judgment of conviction to assault in the third degree, pursuant to subdivision 2 of section 543 of the Code of Criminal Procedure. (See People v. Monaco, 14 N Y 2d 43, 47; People v. Green, 9 N Y 2d 988; People v. May, 9 A D 2d 508, 513-515.)
Chief Judge Fuld and Judges Bergan, Breitel and Gibson. concur.; Judges Burke, Scileppi and Jasen on constraint of People v. Radunovic (21 N Y 2d 186).
Order reversed and case remitted to the Appellate Division for further proceedings in accordance with the memorandum herein.